UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | | |
|---|---|---|
| DEMEATRA BRUCE | § | |
| | § | |
| v. | § | CIVIL NO. 4:24-CV-711-SDJ |
| | § | |
| COMMISSIONER, SSA | § | |

**MEMORANDUM ADOPTING REPORT AND RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE**

Plaintiff Demeatra Bruce appeals a final decision of the Social Security Commissioner denying her application for disability insurance benefits. The Social Security Administration's ("SSA") Administrative Law Judge ("ALJ") found that Bruce is not disabled within the meaning of the Social Security Act, and, therefore, she is not entitled to disability insurance benefits. Because the SSA's Appeals Council denied Bruce's request for review of the ALJ's decision, the ALJ's decision is final and reviewable. *Sims v. Apfel*, 530 U.S. 103, 107, 120 S.Ct. 2080, 147 L.Ed.2d 80 (2000); 42 U.S.C. § 405(g). Following Bruce's timely appeal, (Dkt. #1), and the submission of briefing, the Magistrate Judge entered a Report and Recommendation (the "Report") concluding that Bruce's arguments on appeal were without merit and recommending that the Court affirm the Commissioner's decision. (Dkt. #14). Bruce timely filed an objection to the Report. (Dkt. #15).

After conducting a de novo review of the objection and the portions of the Report to which Bruce specifically objects, the Court concludes that the findings and conclusions of the Magistrate Judge are correct and that the objection is without merit as to the ultimate findings of the Magistrate Judge. The Court expands on the

Report's findings and conclusions to address Bruce's objection. Except as otherwise noted below, the findings and conclusions of the Magistrate Judge are adopted as the findings and conclusions of the Court.

## I. Legal Standard

When a litigant files timely written objections to a magistrate judge's report and recommendation, she is entitled to de novo review of the findings or recommendations to which she specifically objects. 28 U.S.C. § 636(b)(1)(C); Fed. R. Civ. P. 72(b)(2)–(3). When a litigant does not object to portions of a magistrate judge's report, "the district court need only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." *Douglass v. United Servs. Auto Ass'n*, 79 F.3d 1415, 1420 (5th Cir. 1996) (en banc) (cleaned up), *superseded by statute on other grounds*, 28 U.S.C. § 636(b)(1) (extending the time to file objections from ten to fourteen days).

The Court reviews the Commissioner's denial of social security benefits "only to ascertain whether (1) the final decision is supported by substantial evidence and (2) whether the Commissioner used the proper legal standards to evaluate the evidence." *Madkins v. Bisignano*, 150 F.4th 657, 662 (5th Cir. 2025) (per curiam) (quotations omitted). "Substantial evidence is merely enough that a reasonable mind could arrive at the same decision; though the evidence 'must be more than a scintilla, it need not be a preponderance.'" *Id.* (citation modified). "A finding of no substantial evidence is appropriate only if no credible evidentiary choices or medical findings

support the decision." *Salmond v. Berryhill*, 892 F.3d 812, 819 (5th Cir. 2018) (quotations omitted).

## II. DISCUSSION

Bruce's objection to the Report turns on a single argument. According to Bruce, an ALJ's residual functional capacity ("RFC")[1] determination cannot meet the substantial-evidence requirement unless it is supported by a medical opinion.[2] (Dkt. #15 at 6). In support of this argument, Bruce points to the Fifth Circuit's decision in *Ripley v. Chater*, 67 F.3d 552 (5th Cir. 1995), which she contends requires ALJs to rely on at least one medical opinion in forming the claimant's RFC. (Dkt. #15 at 6). Bruce misreads *Ripley*, which refutes rather than supports her position that an RFC determination must be premised on a medical opinion. Post-*Ripley* Fifth Circuit cases confirm that there is no such requirement for an ALJ's RFC determination, and these cases are consistent with applicable regulations, which impose no requirement that an RFC determination be grounded on a medical opinion. For these reasons, Bruce's objection fails.

Relevant here, the ALJ determined that Bruce had the mental RFC to "perform[] simple, routine tasks and simple decision-making with no more than occasional changes in a routine environment. [Bruce] can occasionally interact with

---

[1] RFC "is the most [the claimant] can still do despite [her] limitations." 20 C.F.R. § 404.1545(a)(1).

[2] A "medical opinion" is "a statement from a medical source about what [the claimant] can still do despite [her] impairment(s) and whether [the claimant has] one or more impairment-related limitations or restrictions in" certain work-related abilities. 20 C.F.R. § 404.1513(a)(2).

supervisors, coworkers, and the public." (Dkt. #7-3 at 21). In determining Bruce's RFC, the ALJ considered Bruce's treatment notes and adult function reports from Bruce and her grandmother. (Dkt. #7-3 at 22–23). The ALJ also considered relevant medical opinions from two state agency medical consultants and Bruce's physician but rejected all the opinions as unpersuasive. (Dkt. #7-3 at 24–25). And therein lies Bruce's argument: could the ALJ's determination of her RFC be supported by substantial evidence when the ALJ rejected all relevant medical opinions?

The Magistrate Judge reasoned that *Ripley* does not require a medical opinion; it merely requires that the RFC be supported by substantial evidence. (Dkt. 14 at 8–9). In evaluating the ALJ's decision, the Magistrate Judge concluded that Bruce's mental RFC was supported by substantial evidence because Bruce and her grandmother's adult function reports "describe what Bruce could do despite her mental impairments." (Dkt. #14 at 10). In Bruce's view, however, it was legal error to affirm the ALJ's decision without a medical opinion. (Dkt. #15 at 6). The Court agrees with the Magistrate Judge and writes to further clarify that *Ripley* and its progeny do not require that an RFC finding be premised on a medical opinion.

***Ripley***

Contrary to Bruce's assertions, *Ripley* does not stand for the proposition that a medical opinion is required to form an RFC. There, the ALJ concluded that the claimant could perform sedentary work despite not having a medical opinion or other evidence to support the RFC determination. *Ripley*, 67 F.3d at 557. The court noted that "usually" the ALJ should request a medical opinion "describing the types of work

that the applicant is still capable of performing." *Id.* (citing 20 C.F.R. § 404.1513(b)(6) (1994)). But the court made clear that the absence of such a medical opinion "does not, in itself, make the record incomplete." *Id.* Indeed, in matters where there is no such medical opinion, the substantial-evidence rule is undisturbed: the inquiry "focuses upon whether the decision of the ALJ is supported by substantial evidence in the existing record." *Id.*

Equally incorrect is Bruce's assertion that *Ripley* held the ALJ's RFC determination was not supported by substantial evidence merely because it was not supported by a medical opinion. The *Ripley* court concluded that the ALJ's decision was not supported by substantial evidence because nothing in the record "clearly establish[ed] . . . the effect Ripley's condition had on his ability to work." *Id.* "The only evidence regarding Ripley's ability to work came from Ripley's own testimony," which directly contradicted the ALJ's conclusion that the claimant could perform sedentary work. *Id.* at 557 & n.28. Thus, the problem was not the lack of a medical opinion; it was the lack of substantial evidence supporting the RFC. To be sure, a medical opinion may well constitute substantial evidence, but *Ripley* does not require one for the ALJ to make an RFC determination.

**Post-*Ripley* Cases**

Since *Ripley*, the Fifth Circuit has repeatedly confirmed that a medical opinion is not required for RFC determinations. For example, in *Joseph-Jack v. Barnhart*, the Fifth Circuit rejected the claimant's argument "that because the record was devoid of a residual function capacity (RFC) assessment by a medical source, the ALJ was not

competent to assess her RFC." 80 F.App'x 317, 318 (5th Cir. 2003) (per curiam). Citing 20 C.F.R. §§ 416.946, 416.927(e), and echoing *Ripley*, the court reasoned that an RFC is not in itself a medical opinion nor needs to be based on one because "[i]t is the ALJ's responsibility to determine a claimant's RFC." *Id.*; *see also Ripley*, 67 F.3d at 557 ("The ALJ is responsible for determining an applicant's residual functioning capacity.").

The Fifth Circuit reached a similar conclusion in *Gutierrez v. Barnhart*, another case where, as here, the ALJ rejected the relevant medical opinions as unpersuasive. No. 04-11025, 2005 WL 1994289, *7 (5th Cir. Aug. 19, 2005) (per curiam) (unpublished). In *Gutierrez*, the claimant argued that it was error for the ALJ to have rejected the medical opinions of "the most recent doctors to have made recommendations as to the activities that Gutierrez was physically capable of performing" "without requesting a more updated recommendation by a physician as to what Gutierrez was capable of doing." *Id.* The *Gutierrez* court, citing *Ripley*, stated: "This Court has held that the absence of a medical source statement about a plaintiff's ability to work does not, by itself, make the record incomplete." *Id.* The court then reiterated that "the salient issue is whether substantial evidence exists in the record to support the ALJ's decision." *Id.* (citing *Ripley*, 67 F.3d at 557). *Gutierrez* went on to hold that "even without such a medical opinion," the ALJ's RFC was supported by substantial evidence. *Id.* (citing *Ripley* 67 F.3d at 557).[3]

[3] *Gutierrez* is particularly instructive because of the similarities concerning the evidence the ALJ relied upon in each case. As here, the ALJ in *Gutierrez* based the RFC, in part, on the claimant's "own testimony that she was able to perform certain tasks despite having claimed serious shoulder impairment." *Id.* (footnote omitted).

More recently, the Fifth Circuit again affirmed a lower court decision involving an RFC determination that was supported by the claimant's statements despite the absence of a medical opinion. In *Vasquez v. O'Malley*, the court reiterated that "[a]n administrative record is not *per se* incomplete without a medical opinion about a claimant's limitations, so long as it otherwise contains substantial evidence to make the RFC assessment." No. 24-50233, 2024 WL 4381269, at *2 (5th Cir. Oct. 3, 2024) (per curiam) (unpublished) (citing *Ripley*, 67 F.3d at 557). There, the court "f[ound] the record sufficient" where the ALJ relied on the claimant's testimony and "comprehensive treatment records" but where the record lacked "a consultative exam or medical testimony describing how [the claimant's] impairments impacted her ability to work given the complexities attendant her condition." *Id.* at *1–2 (citation omitted).

Similarly, in *Wills v. Kijakazi*, the court found an RFC was supported by substantial evidence where the record contained "over 1,000 pages of [the claimant's] medical records which included extensive progress notes—prepared by health care professionals directly caring for [the claimant]—regarding her impairments, treatment, progress, mobility, and symptoms" and "testimony from [the claimant] regarding her ability to conduct daily tasks." No. 22-20609, 2023 WL 4015174, at *3–4 (5th Cir. June 14, 2023) (per curiam) (unpublished). The *Wills* court concluded that "[a]lthough a consultative examination may have been helpful, the record does not support that more information was necessary in order for the ALJ to make the decision about disability." *Id.* at *4 (citing *Webster v. Kijakazi*, 19 F.4th 715, 720

(5th Cir. 2021)). After all, "medical opinions are just one of several categories of evidence the ALJ considers in making RFC determinations." *Id.* at *3 (citing 20 C.F.R. § 404.1513).

*Vasquez*, *Wills*, *Joseph-Jack*, and *Gutierrez*, like *Ripley* itself, make clear that, while an RFC determination must be supported by substantial evidence, a medical opinion is not required. *See also Apodaca v. O'Malley*, No. EP-24-CV-247-KC-RFC, 2025 WL 2364604, at *1–2 (W.D. Tex. Aug. 14, 2025) (citing *Vasquez*, 2024 WL 4381269, at *2) (explaining that ALJs are not required to "agree with and rely on some medical opinion when formulating the RFC," and, citing *Vasquez*, noting that an ALJ may rely "on the claimant's testimony and treatment records to make an RFC assessment without a medical opinion"); *West v. Kijakazi*, No. H-21-2395, 2022 WL 4137297, at *6 (S.D. Tex. Aug. 26, 2022), *report and recommendation adopted*, No. CV H-21-2395, 2022 WL 4138574 (S.D. Tex. Sept. 12, 2022) ("The regulations do not prohibit the ALJ from assessing the claimant's RFC based on other record evidence when he finds all medical opinions to be unpersuasive.").[4]

---

[4] For her part, Bruce relies on cases that have cited the Fifth Circuit's decision in *Williams v. Astrue*, 355 F.App'x 828 (5th Cir. 2009), for the proposition that, absent a supporting medical opinion, an ALJ cannot make an RFC determination. *See, e.g.*, *Cooper v. Comm'r of Soc. Sec.*, No. 7:21-CV-00104-O-BP, 2022 WL 4538315, at *5 (N.D. Tex. July 15, 2022), *report and recommendation adopted*, 2022 WL 4538460 (N.D. Tex. Sept. 27, 2022). But that is not the holding of *Williams*, and to the extent other courts have read *Williams* in this manner, the Court respectfully disagrees. *Williams* assumed that an ALJ is *not required* to give any medical opinion evidence controlling weight in making an RFC determination but concluded that the there was "*no* evidence" of any kind supporting the ALJ's RFC determination in that case. *Williams*, 355 F.App'x at 831 (emphasis in original). Indeed, the *Williams* court spent two paragraphs explaining why there was no evidence that could support the ALJ's RFC determination, a pointless discussion if an RFC determination could *never* be made absent a supporting medical opinion. *See id.* at 832 (explaining that the ALJ's RFC determination was "directly contradict[ed]" by the physical therapy discharge summary for the claimant, as well as other record evidence). In short, what mattered in *Williams* was

This line of authority is consistent with the guidance of the applicable regulations, which do not require an ALJ to use a medical opinion in formulating an RFC. As noted in *Joseph-Jack*, 20 C.F.R. § 416.946(c) explicitly vests the RFC determination in the ALJ. *Id.*; *see also Taylor v. Astrue*, 706 F.3d 600, 602–03 (5th Cir. 2012) ("Under the regulations and our case law, the determination of residual functional capacity is the sole responsibility of the ALJ." (citing *Ripley*, 67 F.3d at 557)).

Section 404.1545(a)(3) specifies the evidence an ALJ may rely on in assessing an RFC. It instructs ALJs to consider "all of the relevant medical and other evidence." 20 C.F.R. § 404.1545(1)(3). On medical opinions, the regulations require ALJs to "consider any statements about what [the claimant] can still do that have been provided by medical sources, whether or not they are based on formal medical examinations." *Id.* But "consider" does not mean the ALJ must adopt or rely on the medical opinion. *Miller v. Kijakazi*, No. 22-60541, 2023 WL 234773, at *4 (5th Cir. Jan. 18, 2023) (per curiam) (unpublished) (stating "there is no requirement that an ALJ" adopt a specific medical opinion because it "is the responsibility of the ALJ to interpret the medical evidence to determine [a claimant's] capacity for work" (quotations omitted)); *see also Taylor*, 706 F.3d at 603 ("What Taylor characterizes as the ALJ substituting his opinion is actually the ALJ properly interpreting the medical evidence to determine his capacity for work."). Moreover, ALJs must "not defer or give

---

not the absence of medical opinion evidence supporting the ALJ's RFC finding, but rather the absence of *any* evidence supporting that finding.

any specific evidentiary weight, including controlling weight, to any medical opinion(s).” 20 C.F.R. § 404.1520c(a).

The regulations likewise make clear that an ALJ may “also consider descriptions and observations of [the claimant’s] limitations from [her] impairment(s), including limitations that result from [the claimant’s] symptoms, such as pain, provided by [the claimant], [the claimant’s] family, neighbors, friends, or other persons.” 20 C.F.R. § 404.1545(a)(3). Thus, the ALJ’s consideration of Bruce’s and her grandmother’s function reports are endorsed by the applicable regulations.

* * * *

When ALJs make RFC determinations, those determinations must be supported by substantial evidence. There is no additional requirement imposed by circuit precedent or any regulation that such evidence must include a medical opinion.

## III. Conclusion

For the foregoing reasons, the Court concludes that Bruce’s Objection to Report and Recommendation of United States Magistrate Judge, (Dkt. #15), is **OVERRULED**. It is therefore **ORDERED** that the decision of the Commissioner is **AFFIRMED**.

**So ORDERED and SIGNED this 3rd day of November, 2026.**

SEAN D. JORDAN
UNITED STATES DISTRICT JUDGE